# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                                     )
           v.              )     I.D. No. 2402005739
                                     )
DARREN FOSTER,     )
                                     )
     Defendant.       )

Submitted: December 23, 2024
Decided: March 11, 2025

*Upon Defendant Darren Foster's Motion for Postconviction Relief*
**DENIED**

## ORDER

Jillian L. Schroeder, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French street, Wilmington, DE 19801, Attorney for State of Delaware.

Darren Foster, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19809, Defendant, *pro se.*

**WHARTON, J.**

This 11th day of March 2025, upon consideration of Defendant Darren Foster's ("Foster") timely *pro se* Motion for Post-conviction Relief,[1] the affidavit of trial counsel,[2] the State's Response,[3] and the record in this matter, it appears to the Court that:

1.      Foster pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Resisting Arrest on August 19, 2024.[4]  In the plea agreement, the State agreed to recommend 15 years at level V, suspended after the five year minimum mandatory sentence at Level V required by statute on the PFBPP charge and a fine on the Resisting Arrest charge.[5]  The State agreed to waive pursuing habitual offender sentencing.[6]  Foster was sentenced the same day consistent with the recommendation in the plea agreement.[7]

2.      This Motion for Post-conviction Relief ("Motion") pursuant to Superior Court Criminal Rule 61, Foster's first, was filed timely on November 1, 2024.  The motion raises three claims of ineffective assistance of counsel ("IAC"): (1) "lawyer failed to raise question about officer's contradicting testimony that negatively impacted the outcome of the case"; (2) "lawyer failed to pursue testimony that there

---

[1] D.I. 27.
[2] D.I. 31.
[3] D.I. 32.
[4] D.I. 22.
[5] *Id.*
[6] *Id.*
[7] D.I. 23.

was no crime committed necessitating a stop, detainment, nor arrest there was no reasonable articulable suspicion;" (3) "lawyer failed to purse officer's testimony that contained material false statements of facts. Lawyer failed to research relevant precedent case law supporting my case."[8]

3. The Court directed Foster's trial/plea counsel, Darryl J. Rago, Esquire, to respond to the specific IAC allegations relating to Mr. Rago's representation.[9] Mr. Rago responded on December 16, 2024.[10] By way of background, Mr. Rago explains that Foster was eligible to be sentenced as an habitual offender if convicted.[11] In particular, he faced a 15-year minimum mandatory sentence on the PFBPP charge after he rejected a first case review plea offer of a 5-year minimum mandatory sentence on that charge without the State seeking to have him sentenced as an habitual offender.[12] Mr. Rago then filed a suppression motion, resulting in the State modifying its offer to a CCDW charge with a recommended 2 ½ year sentence, which Foster rejected.[13] After a suppression hearing resulting in denial of the motion, the State again offered its original plea which foster accepted.[14]

---

[8] D.I. 27.
[9] D.I 30.
[10] D.I. 31.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

4. Mr. Rago then responds to the specific allegations of IAC. As to Foster's first claim, Mr. Rago finds it too lacking in specificity to address.[15] As to Foster's second claim, Mr. Rago states that both the suppression motion and his cross-examination of the officer challenged the legal basis for stopping Foster.[16] Finally, Mr. Rago addresses Foster's third claim. Again, he notes that the lack of specificity regarding what materially false statements Foster is referencing makes responding difficult.[17] He states that he cross-examined the officer at the hearing, by utilizing the police reports and the body worn cameras of multiple police officers.[18] He denies Foster's allegation that he failed to research relevant case law precedent, pointing out that he discussed the case law in both the suppression motion and the State's response with Foster.[19]

5. The State responded and opposed the motion. It concurs with Mr. Rago that Foster's first claim lacks specificity.[20] It adds that it introduced into evidence a 911 call and the body worn camera of the officer both of which spoke for themselves as evidence of what occurred.[21] It argues that Foster has failed to show how any additional cross-examination questions or testimony would have resulted in a

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] State's Resp. at 8, D.I. 32.
[21] *Id.*

different outcome for him.[22] As to Foster's second claim that Mr. Rago did not pursue the officer's testimony that no crime was committed and, thus, there was no reasonable articulable suspicion for stopping Foster, the State states that Foster is incorrect.[23] The basis of the motion was just that – the officer lacked reasonable articulable suspicion to stop Foster.[24] Regarding Foster's third claim, the State again concurs with Mr. Rago that Foster failed to specify what materially false statements were at issue and that he cited relevant case law and statutes in the motion and in argument.[25]

6. Rule 61 is the exclusive remedy for those "in custody under a sentence of this court seeking to set aside the judgment of conviction…"[26] This Rule balances finality "against … the important role of the courts in preventing injustice."[27]

7. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[28] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[29] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations,

---

[22] *Id.*
[23] *Id.*
[24] *Id.* at 8-9.
[25] *Id.* at 9.
[26] Super. Ct. Crim. R. 61(a)(1).
[27] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).
[28] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[29] *Id.*

repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[30] A second or subsequent motion is repetitive and therefore barred.[31] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[32] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[33] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[34] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[35] Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[36]

---

[30] Super. Ct. Crim. R. 61(i)(1).
[31] Super. Ct. Crim. R. 61(i)(2).
[32] Super. Ct. Crim. R. 61(d)(2)(i).
[33] Super. Ct. Crim. R. 61(d)(2)(ii).
[34] Super. Ct. Crim. R. 61(i)(3).
[35] Super. Ct. Crim. R. 61(i)(4).
[36] *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021). *See also Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger,* 580 A.2d at 556; *State v. McNally,* 2011 WL 7144815, at *5 (Del. Super. Nov. 16 2011); *State v. Wright,* 2007 WL 1982834, at *1 n.2 (Del. Super. July 5, 2007).

8. To successfully bring an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[37] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[38] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[39] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[40] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[41] When addressing the prejudice prong of the IAC test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[42]

---

[37] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[38] *Id.* at 667-68.
[39] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[40] *Strickland*, 446 U.S. at 689.
[41] *Id.* at 694.
[42] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).

9. An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[43]

10. The Court finds, and the State, does not dispute, that none of the procedural bars of Rule 61(i) are present here. The motion is a timely first postconviction relief motion alleging IAC. Nevertheless, the motion fails for a variety of fundamental reasons. First, it never alleges that, but for Mr. Rago's alleged ineffectiveness, there was a reasonable probability he would not have pleaded guilty and insisted on going to trial. Given that his suppression motion was denied, a conviction was very likely, as was a substantially longer sentence as an habitual offender. Pleading guilty with the State recommending the minimum mandatory sentence was the rational choice.

11. Instead, Foster implicitly suggests that, but for Mr. Rago's alleged ineffectiveness, the evidence against him would have been suppressed, meaning that there would be no trial. Apparently, it was Mr. Rago's claimed ineffectiveness that resulted in the denial of the motion. The Court will not address claims that are conclusory and are unsubstantiated. Additionally, a defendant must make concrete allegations of actual prejudice and support them. Here, two of Foster's allegations lack any specificity. In his first claim, he fails to identify what "contradicting

---

[43] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

testimony" from the police officer he claims Mr. Rago allegedly failed to pursue. In his third claim he fails to identify the officer's "material false statements of fact" Mr. Rago failed to pursue or what "relevant precedent case law" Mr. Rago failed to research. These general allegations of ineffectiveness can support neither a claim of performance deficiency, nor one of prejudice.

12. Foster's second claim fails both *Strickland* prongs, as well. Mr. Rago challenged the basis of the police officer's stop of Foster both in the suppression motion and in cross-examining the officer. In fact, the Motion to Suppress was based on a challenge to the basis for the stop.[44] In this case, though, the Court had not only the 911 call initiating the investigation, but also the video from the officer's body worn camera of her encounter with Foster. The Court could hear and see for itself whether there was reasonable articulable suspicion to stop Foster independent of the officer's testimony. Therefore, no alleged deficiencies in cross-examination or argument could have caused Foster to suffer any prejudice.

**THEREFORE,** Defendant Darren Foster's motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[44] Def.'s Mot. to Suppress, I.D. 13.

9